Mark F. Anderson (SBN 44787)
mark@aoblawyers.com
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, CA 94104
Phone: (415) 651-1951
Email: mark@aoblawyers.com

Attorneys for Plaintiff Christopher C. Hardeman

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Christopher C. Hardeman,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Ally Financial, Inc., a Delaware corporation; Trans Union LLC, a Delaware limited liability company; Equifax Information Services, LLC, a Georgia limited liability company;<br><br>　　　　Defendants. | Case No.<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act 15 USC § 1681 *et seq*)<br><br>DEMAND FOR JURY TRIAL |

**Preliminary Statement**

1. This is an action for damages brought by plaintiff Christopher L. Hardeman against defendants Ally Financial, Inc. ("Ally"), Trans Union LLC ("Trans Union"), and Equifax Information Services, LLC for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA) and the California Consumer Credit Reporting Agencies Act, Civil Code § 1785.25(a).

**The Parties**

2. Plaintiff Christopher C. Hardeman is an individual consumer who lives in Cameron Park, California.

3. Defendant Ally Financial is a Delaware corporation with its principal place of business in Detroit, MI.

4. Defendant Trans Union LLC is a Delaware corporation with its principal place of business in Chicago, Illinois.

5. Defendant Equifax Information Services, LLC is a Georgia limited liability company with its principal place of business in Atlanta, Georgia.

## Jurisdiction & Venue

6. The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p.

7. The court has supplemental jurisdiction over the state law claims pursuant to 15 USC § 1367.

8. The defendants regularly conducts business in this district and the events described in this complaint arose in this district.

## Description of the Case

9. Defendant leased a car from GMAC, Ally Financial's predecessor in 2008. Ally Financial took over the GMAC lease in or about 2000. Plaintiff turned the car into GMAC at the end of the lease on May 4, 2011, after plaintiff made each of the lease payments on time.

10. On July 1, 2011, GMAC assessed a mileage charge of $1,221.22. At that time, plaintiff contacted Ally Financial agent in the Philippines. Plaintiff explained he wanted to pay the mileage charge in installments. The agent agreed plaintiff could pay the amount due in installment payments of $166.00 per month beginning on October 1, 2011.

11. Plaintiff paid $166 per month on October 4, 2011 and on November 3, 2011. Plaintiff inadvertently missed the December 2011 payment. However, on January 27, 2012, plaintiff had a conversation with an Ally agent in the Philippines. At that time, the agent agreed that if plaintiff paid $332.16 by telephone that day, there would be no collection activity and no impact on plaintiff's

credit reports. Plaintiff gave the agent his bank account information and his account was charged that amount that day.

12.   On February 24, 2012, plaintiff received a call from Ally's asset recovery team who said that if plaintiff paid $334.68, his obligation to Ally would be satisfied. Plaintiff made the payment of $334.68 that day by telephone.

13.   Plaintiff later discovered Ally reported to the credit reporting agencies that the account was charged off as a late payment and a bad debt.

14.   On December 30, 2014, plaintiff talked to Ally agent Jason who looked at his system and said he had no idea why Ally reported the account was charged off. He acknowledged that the payment he made on January 27, 2012, was processed as a charge off. Jason told plaintiff to call the Asset Recovery Team at (800) 241-0172 to get the adverse credit report removed.

15.   On January 6, 2015, plaintiff called Ally's asset recovery center at phone 1.800.24.0172 and spoke with Derek on extension 1181008. Derek looked at the account history and said he agreed the charge off should be removed from plaintiff's credit reports. Derek said he had seen this sort of thing happen before and that he would send a request to Abner, his manager, and it would likely be taken care of. However, the following week Derek said his manager reviewed the account and refused to make any changes in Ally's credit reporting.

16.   Even though plaintiff paid Ally his post-lease obligation as agreed, Ally continues to report to the defendant CRAs that plaintiff was 90 days late, that the account was a "bad debt," that it had been placed for collection; that the account status was "paid charge off."

17.   The truth is the account was never 90 days late, was not a "bad debt" and there was no basis for Ally to charge it off.  Ally is continuing to report the account with this adverse information.

18.   On June 29, 2015, plaintiff sent online disputes to Equifax and Trans Union concerning the Ally account. On August 5, 2015, plaintiff talked to an Equifax agent again disputing Ally's reporting.

19. Each dispute letter to Trans Union, Equifax and Experian triggered a requirement that they notify Ally Financial that plaintiff was disputing the account. Upon receiving such notices, Ally Financial was required to conduct a reasonable investigation of the accuracy and completeness of the account. Ally Financial received notices of the disputes, but Ally Financial failed to conduct a reasonable investigation of the accuracy of the account; instead, it merely sent the CRAS the same inaccurate information it had been reporting to the CRAs.

20. Each of the defendant CRAs was also required to conduct a reasonable investigation as to the accuracy of the account. However, each of the CRAs failed to conduct a reasonable investigation of the account and instead merely repeated ("parroted") what Ally Financial told them to report.

21. As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration.

**First Claim: Violations of the Fair Credit Reporting Act—Against Trans Union, Equifax & Experian**

22. Plaintiff incorporates by reference ¶¶ 1 through 21.

23. Defendants failed to comply with 15 U.S.C. § 1681i and § 1681e(b).

24. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i (a) (1) (A).

25. In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the Consumer."

26. Within the two years preceding the filing of this complaint, plaintiff notified defendants about the inaccuracies contained in its reports and asked them to correct the inaccuracies.

27. Defendants failed to conduct a reasonable reinvestigation of the inaccuracies that plaintiff disputed.

28. Defendants each failed to review and consider all relevant information submitted by plaintiff.

29. Defendants failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

30. As a result of the above-described violations of § 1681i and § 1681e (b), plaintiff has sustained damages.

31. The violations of the FCRA were willful and therefore plaintiff is therefore entitled to also seek statutory and punitive damages.

32. The agencies' violations of the FCRA were willful and therefore plaintiff is entitled to also seek statutory and punitive damages.

**Second Claim: Violation of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) – Against Defendant Ally Financial.**

33. Plaintiff incorporates by reference ¶¶ 1-32.

34. The FCRA requires a furnisher, after receiving notice from a furnisher such as Ally Financial from a credit reporting agency that a consumer disputes information that is being reported by a furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

35. Within the last two years, defendant Ally Financial provided inaccurate, misleading and incomplete information to the defendant credit bureaus.

36. Ally Financial violated sections 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

(a) willfully and negligently failing to conduct an investigation of the inaccurate information that plaintiffs disputed;

(b) willfully and negligently failed to review all relevant information concerning plaintiffs' accounts;

(c) willfully and negligently failing to report the results of investigations to the three credit reporting agencies;

(d) willfully and negligently failing to report the inaccurate status of the inaccurate information to the three credit reporting agencies;

(e) willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by the three credit bureaus concerning the inaccurate information disputed by plaintiffs;

(f) willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning plaintiffs' accounts to the credit reporting agencies;

(g) willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 USC § 1681s-s(b); and

37. As a result of the above-described violations of § 1681s-2(b), plaintiff has been damaged.

**Third Claim: Violation of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Defendant Ally Financial**

38. Plaintiffs incorporate by reference ¶¶ 1-37.

39. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows

or should know the information is incomplete or inaccurate."

40. Defendant Ally Financial negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

41. Defendant Ally Financial failed to make corrections to the information it was furnishing to the credit reporting agencies.

42. Defendant Ally Financial failed to provide a notice to the credit reporting agencies that the information it was providing was disputed.

43. Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;
2. Injunctive relief;
3. Costs and attorney's fees; and
4. Such other relief as the Court may deem proper.

Dated: October 21, 2015.

ANDERSON, OGILVIE & BREWER LLP

By  /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: October 21, 2015.

ANDERSON, OGILVIE & BREWER LLP

By */s/ Mark F. Anderson*
Mark F. Anderson